UNITED STATES of America,
Plaintiff—Appellee,

v.

Victor Sanchez SEPULVEDA, aka Manuel Contino–Solarzano, Sanchez Victor Sepulveda, Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Gilberto Maldonado, Defendant—
Appellant.

Nos. 05–10296, 05–10479.

United States Court of Appeals,
Ninth Circuit.

Submitted July 25, 2006.*

Decided July 27, 2006.

Karen A. Escobar, Esq., USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Gary L. Huss, Esq., Wild Carter & Tipton, Fresno, CA, for Defendant–Appellant Victor Sanchez Sepulveda.

John Ward, San Francisco, CA, for Defendant–Appellant Gilberto Maldonado.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: T.G. NELSON, SILVERMAN, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Victor Sanchez Sepulveda appeals the district court's admission of evidence of his prior conviction and his sentence. Gilberto Maldonado appeals the district court's admission of evidence that the gun found in his car was stolen. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. Sepulveda's Appeal

■ The district court did not abuse its discretion when it admitted evidence of Sepulveda's prior conviction.[1] The evidence was highly probative of the knowledge element of the methamphetamine charge for which he was on trial.[2] The evidence was not unfairly prejudicial be-

cause it was not the kind of inflammatory material that would bias the jury such that it would be unable properly to judge Sepulveda's "guilt or innocence of the crime charged."[3]

■ The district court also did not violate Sepulveda's Fifth and Sixth Amendment rights when it sentenced him.[4] Following *United States v. Booker*[5] and 18 U.S.C. § 3553(a), the district court properly considered the Guidelines' recommendation, as well as the factors set forth in § 3553(a).[6]

## II. Maldonado's Appeal

■ We need not decide whether the district court erred when it admitted evidence regarding the gun because any such error was harmless for two reasons.[7] First, the jury acquitted Maldonado of the weapons charge for which the potential for prejudice was greatest. Second, the overwhelming evidence of Maldonado's guilt regarding the drug charges establishes that the jury would have convicted him notwithstanding the evidence about the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See United States v. Bussell,* 414 F.3d 1048, 1059 (9th Cir.2005) (reciting the standard of review).

2. *See United States v. Basinger,* 60 F.3d 1400, 1407–08 (9th Cir.1995) (upholding the admission of evidence that the defendant previously had been arrested in possession of an essential chemical used to produce methamphetamine to prove the intent and knowledge elements of the current methamphetamine charges); *United States v. Spillone,* 879 F.2d 514, 518–520 (9th Cir.1989) (affirming admission of 404(b) evidence to show intent—"a material element of th[e] case"—even though the defendant represented that he would not raise lack of intent as a defense).

3. *See United States v. Ramirez–Jiminez,* 967 F.2d 1321, 1327 (9th Cir.1992) (internal quotation marks omitted).

4. *See United States v. Ameline,* 409 F.3d 1073, 1077–78 (9th Cir.2005) (en banc); *United States v. Clark,* 452 F.3d 1082, 1086 (9th Cir.2006).

5. 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

6. *See id.* at 259, 125 S.Ct. 738.

7. *See M2 Software, Inc. v. Madacy Ent., Inc.,* 421 F.3d 1073, 1088 (9th Cir.2005) (holding that, even if the district court's admission of evidence constituted an abuse of discretion, reversal was not warranted because the error was harmless).

gun.[8]

**AFFIRMED.**

---

**8.** *See United States v. Gonzalez–Flores,* 418
F.3d 1093, 1099, 1102 (9th Cir.2005); *United
States v. Marshall,* 526 F.2d 1349, 1358 (9th
Cir.1975).

